131 F.3d 146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
INTERSIL INCORPORATED, Plaintiff-Appellee,
v.
Ibrahim HEFNI; Western Microwave Incorporated, Defendants-Appellants.
 No. 96-17171.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 7, 1997.
Decided Nov. 19, 1997.
 
 Appeal from the United States District Court for the Northern District of California. James Ware, District Judge, Presiding.
 Before: WOOD,** RYMER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Western Microwave appeals the district court's award of $143,887.19 to Intersil for damage to Intersil's slurry wall on the grounds that the district court lacked jurisdiction. We have jurisdiction, 28 U.S.C. § 1291, and affirm.
 
 
 3
 WMI contends that the district court did not have jurisdiction over a dispute concerning damage to the slurry wall because the wall is not mentioned in the Settlement Agreement and was installed beneath Intersil's property more than two years after the Agreement was executed. The district court retained jurisdiction to enforce the terms of the Settlement Agreement until the action was dismissed with prejudice, which had not occurred when the dispute over damage to the wall (among other disputes) occurred. Paragraphs 11 and 12 of the Settlement Agreement provided that WMI was to install both an extraction system for groundwater and "an impermeable wall (or other measures satisfactory to Intersil) sufficient to prevent offsite migration of chemical contamination from the Reamwood Property to properties on the north or west." WMI installed an extraction system, but not an impermeable wall.
 
 
 4
 Intersil contended, and the district court agreed, that WMI's obligation to install "an impermeable wall" had been modified to other "measures satisfactory to Intersil," namely, the installation by Intersil of slurry walls and an in-ground treatment wall (together with WMI's building an extraction system). There is evidence this happened in connection with a March 1994 Status Conference, where Intersil agreed that WMI could connect to the existing Intersil treatment system, and "that implementation by WMI of remedial measures [the extraction system] in accordance with RWQCB requirements set forth in [the Board's] March 2, 1994 letter would constitute a measure satisfactory to Intersil 'to prevent offsite migration of chemical contamination from the Reamwood Property to properties to the north or west of the Reamwood Property', so long as, WMI and Dr. Hefni agree that they will in no way challenge or seek to block implementation by Intersil at some future date of the RWQCB-approved treatment wall remedy on the Hammerwood property; ... and to forego requiring WMI or Dr. Hefni to install the impermeable wall as contemplated under paragraph 11 of the Agreement." (Emphasis in original.) WMI points to no contrary evidence.
 
 
 5
 Given the circumstances of this action, and the protracted history of controversy over fulfilling the obligations set out in the Settlement Agreement, we cannot say that the district court lacked jurisdiction over this dispute. It falls within the Agreement because under it, Intersil could--and did--elect to build its own slurry wall and accept WMI's installation of an extraction system as "other measures satisfactory to Intersil" in lieu of holding WMI to its obligation to install an impermeable wall as well as an extraction system. Moreover, had this modified obligation not been the understanding of the parties, WMI would be in breach of its agreement to install an impermeable wall. That unquestionably would be within the court's retained jurisdiction and, having realized the benefit of Intersil's accepting "other measures" instead, WMI is not well situated to complain that a dispute about those "other measures" has nothing to do with enforcing the terms of the Settlement Agreement.
 
 
 6
 WMI makes a number of related arguments that the parties' conduct was inconsistent with a modified obligation and that the modification (assuming one occurred) was limited to accepting WMI's extraction system. We have reviewed the record and are not persuaded that the court lacked jurisdiction for any of these reasons.[1]
 
 
 7
 More difficult is WMI's contention that the court lacked jurisdiction because damaging Intersil's slurry wall would not breach any contractual obligation, rather it is an ordinary tort that should be litigated in state court. There would be much force to this point in the ordinary case. However, in the context of Intersil's agreement to accept as measures satisfactory to itself (a) relieving WMI of the obligation to build an impermeable wall in addition to an extraction system and (b) taking on the burden of building a slurry wall without hindrance from WMI, we cannot say that Intersil's claim that WMI damaged its slurry treatment system is entirely collateral to the obligations imposed by the Settlement Agreement, as WMI contends. It may be that the damage was accidentally caused, but that would not deprive the court of its retained jurisdiction to enforce a commitment not to block implementation of the slurry wall and to award damages to compensate for repairs that were necessary in order to keep the treatment wall working to prevent migration and clean up contamination, as the Agreement contemplates. That's all we are asked to decide. The slurry wall functionally replaced the impermeable wall by preventing migration of contaminated groundwater and by treating the contaminated groundwater. When damaged, the slurry wall was not able effectively to do either, and if neither was done, the purpose of paragraphs 11 and 12 of the Agreement would be frustrated.
 
 
 8
 AFFIRMED.
 
 
 
 **
 Honorable Harlington Wood, Jr., Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 For example, WMI argues that it explicitly rejected the amendment to the Agreement that Intersil claims was adopted, yet the record shows that the amendment that the parties negotiated but failed to agree on was an amendment whereby Intersil would undertake WMI's obligation to construct the impermeable wall contemplated by paragraph 11 in return for which WMI would pay additional settlement proceeds to Intersil. That is not at all the same thing as Intersil claims, and the district court found that Intersil agreed to build a slurry wall at its own expense in lieu of WMI's installing the impermeable wall